**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EDDIE OTERO-VARCÁLCEL, <br><br> Plaintiff, <br><br> v. <br><br> PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY, ET AL., <br><br> Defendants. | CIVIL NO. 04-1868 (PG) |

**OPINION AND ORDER**

Before the Court are defendants' motions for summary judgment (Docket Nos. 22 and 26), wherein defendants assert that plaintiff's political discrimination claims are barred by the doctrine of res judicata. Defendants further submit that even if these were not barred, plaintiff is not entitled to reinstatement because he was never a career employee. Having carefully reviewed the record and the applicable law, for the reasons stated below, defendants' motions for summary judgment are **GRANTED**.

**I. BACKGROUND**

The Court recounts the uncontested facts. Plaintiff Eddie Otero Varcalcel had been employed at varying times over the past twenty-five years in both career and trust positions by the Commonwealth of Puerto Rico. Plaintiff held a career position until 1995 with the local Department of Labor, when he resigned to accept a trust position as Director of Labor Relations of the State Insurance Fund. He held that position until 1997, when he resigned to become Director of Labor Relations of the Puerto Rico Industrial Development Company ("PRIDCO"), another trust position.

Civil No. 04-1868 (PG)                                                    Page 2

Following the 2000 elections and the shift in the political power base, plaintiff claimed that the new administration discriminated against him because of his political beliefs, citing his relocation to an inferior workspace and the delegation of his duties to other employees. He filed suit under 42 U.S.C. § 1983 in 2002, see Cv. No. 02-1685 (PG), Otero-Varcalcel v. Cantero-Frau, but this Court dismissed the complaint with prejudice on October 7, 2003, finding that plaintiff's position as Director of Labor Relations was a trust or policymaking position, and that political affiliation was therefore an appropriate requirement for continued employment. Plaintiff's appeal was dismissed on February 18, 2005. See Otero-Varcalcel v. Cantero-Frau, 124 Fed.Appx. 662, 664; 2005 WL 388278, at \*\*2 (1st Cir. 2005) (unpublished disposition).

Plaintiff continued to be employed at PRIDCO until March 26, 2004, albeit on leave, when defendant Hiram Ramirez-Rangel, Executive Director of PRIDCO, removed plaintiff outright, without reinstating him to a career position. Defendants denied plaintiff's request for reinstatement on the grounds that plaintiff never held a career position at PRIDCO. Per plaintiff, he had continually demanded his right to reinstatement to a career position since January 25, 2001. (Docket No.32 at 6)

Plaintiff filed the instant complaint on August 19, 2004 (Docket No. 1), against defendants PRIDCO, Ramirez-Rangel, in his personal and official capacities, and PRIDCO's Deputy Executive Director of Human Resources, Rosario Cruz-Diaz, in her personal capacity. Plaintiff claimed that defendants had offended his First, Fifth and Fourteenth amendment rights by refusing to reinstate him to a career position when they removed him from his trust position on account of his political beliefs. He also advanced a tort claim under state law. Plaintiff

Civil No. 04-1868 (PG)                                                    Page 3

requested $3.5 million in compensatory and punitive damages, as well as reinstatement, costs and attorney fees.

Defendants PRIDCO and Ramirez-Rangel in his official capacity moved for summary judgment arguing that because plaintiff never held a career position at PRIDCO, and because PRIDCO's personnel regulations only provide for reinstatement for PRIDCO career employees, plaintiff is not entitled to any relief against PRIDCO.  (Docket No. 22)  They further submitted that the claims are barred by res judicata. Defendants also argued that plaintiff should be collaterally estopped from raising political discrimination arguments because the Court had dismissed plaintiff's claims in a previous action, determining that political affiliation is an appropriate requirement for continued employment as Director of Labor Relations at PRIDCO.  Id.  The remaining co-defendants joined the motion.  (Docket No. 26)

Plaintiff countered, arguing that the res judicata and collateral estoppel arguments were moot, clarifying that he had only included the political discrimination claims as background, and that his present claims stem from defendants' refusal to reinstate him.  He further submitted that the 1986 PRIDCO personnel regulations guarantee reinstatement with PRIDCO even in cases where the employee transferred from a different government agency.

Defendants requested and were granted leave to reply.  They submitted that the equivalent section in the current personnel regulations, revised on August 23, 2004, make it crystalline that the right to reinstatement is with the agency of origin.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

Civil No. 04-1868 (PG)                                                  Page 4

matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is "material" if based on the substantive law at issue, it might affect the outcome of a case; a fact is "genuine" if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. See Anderson v. Liberty Lobby Inc., 477 242, 249 (1986).

Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts evincing a genuine issue for trial. Fed.R.Civ.P. 56(e). The Court must construe the facts in the light most favorable to the opposing party, indulging all reasonable inferences in that party's favor. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). However, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### III. DISCUSSION

Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action. Breneman v. United States, 381 F.3d 33, 38 (1st Cir. 2004) (citations omitted). The doctrine "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and ... encourage[s] reliance on adjudication." Id. (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). The policy considerations are such that "[a] court on notice that it has previously decided an issue may dismiss the

action *sua sponte*, consistent with the res judicata policy of avoiding judicial waste." See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003)(quoting Bezanson v. Bayside Enterps., Inc., 922 F.2d 895, 904 (1st Cir. 1990)).

The elements of a res judicata claim under federal law are: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Colonial Mortgage, 324 F.3d 12 at 16 (1st Cir. 2003); see also Gonzalez-Pina v. Rodriquez, 407 F.3d 425, 430 (1st Cir. 2005). The defense of res judicata is applicable in the section 1983 context. See e.g. Lovely v. Laliberte, 498 F.2d 1261 (1st Cir. 1974), cert. denied, 419 U.S. 1038 (1974).

In the case at bar, it is inescapable that there was a final judgment on the merits in an earlier proceeding, identified as Cv. No. 02-1685 (PG), Otero-Varcalcel v. Cantero-Frau. This Court issued judgment on October 7, 2003, dismissing plaintiff's political discrimination claims with prejudice on the ground that defendant PRIDCO may validly utilize political criteria in employment determinations concerning trust positions. The decision was affirmed on appeal. Otero-Varcalcel v. Cantero-Frau, 124 Fed.Appx. 662, 664, 2005 WL 388278, at **2 (1st Cir. 2005)(unpublished disposition).

To determine whether sufficient identity exists between an earlier and a later suit, federal courts employ a transactional approach, recognizing that a valid and final judgment in an action will extinguish subsequent claims "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).

> This definitional process is not a purely mechanical exercise. "What factual grouping

Civil No. 04-1868 (PG)                                                  Page 6

>           constitutes a 'transaction', and what groupings
>           constitute a 'series', are [matters that should]
>           be determined pragmatically," taking into
>           consideration a wide variety of relevant factors,
>           including but not limited to such things as
>           "whether the facts are related in time, space,
>           origin, or motivation, whether they form a
>           convenient trial unit, and whether their treatment
>           as a unit conforms to the parties'
>           expectations...."

Id. (internal citations omitted).

Given these criteria, the Court finds that there is sufficient identicality between the causes of action. Both were political discrimination claims asserted under 42 U.S.C. § 1983. Such is the similarity that plaintiff admits to including the same allegations in his current complaint, "to put in adequate context the claims he [now] raises as a result of defendants' failure to reinstate" (Docket No. 32 at 10), which he claims definitively occurred on March 26, 2004, when he was dismissed. However, plaintiff declares that he has continuously "demanded his right to be reinstated since January 21, 2001." Id. at Ex. 1 at 7. His previous action against PRIDCO was filed on January 7, 2002, and it was not until October 7, 2003 that the Court issued judgment. See Docket, Cv. No. 02-1685 (PG). Given that plaintiff himself recognizes that the claims share the same factual context, and that plaintiff could have requested this brand of relief in the earlier suit, the Court finds that "both sets of claims, though dressed in different legal garb, grow out of a common nucleus of operative facts," and hence, the requisite identicality is present. Gonzalez v. Banco Cent. Corp., 27 F.3d at 756.

Finally, the Court concludes that there is sufficient identicality between the parties. In the previous action, plaintiff asserted claims against PRIDCO, and William Riefkohl, in his personal and official capacities as Executive Director of PRIDCO, as well as Ramon

Civil No. 04-1868 (PG)                                              Page 7

Cantero-Frau, in his personal capacity; Blanca I. Mera, in her personal capacity; Carmen González, in her personal capacity; Armando Portalatín, in his personal capacity; and Hilda Rivera-Santiago, in her personal capacity.  See Cv. No. 02-1865 (PG), Docket No. 1.  Here, plaintiff elected to pursue relief as against PRIDCO, and Ramirez-Rangel, in his personal and official capacities as Executive Director of PRIDCO, and Rosario Cruz in her personal capacity.

It is undisputable that there is identicality between defendant PRIDCO and Ramirez-Rangel in his official capacity as Executive Director. All of plaintiff's possible rights to remedies against these defendants arising out of the earlier transaction are hence extinguished.

Though it is less clear that there is identicality between Ramirez-Rangel in his personal capacity and Cruz in her personal capacity, these defendants may nevertheless also invoke the shield of res judicata.  The specific variant of res judicata employed is "nonmutual claim preclusion," where a party not involved in the earlier action may still deflect the present lawsuit because he or she should have been, but was not, included in the earlier suit.  See In re El San Juan Hotel Corp., 841 F.2d 6, 10 (1st Cir. 1988).

Nonmutual preclusion is grounded in policy considerations of resource misallocation.  See Acevedo-Garcia v. Monroig, 351 F.3d 547, 573-574 (1st Cir. 2003)(discussing misallocation in the related context of issue preclusion or collateral estoppel).  To the extent the defendant in the second suit must relitigate matters that plaintiff fully and fairly, if unsuccessfully, litigated in a prior suit, "the defendant's time and money are diverted from alternative uses – productive or otherwise – to relitigation of a decided issue." Id. Moreover, assuming that the matter was resolved correctly the first

Civil No. 04-1868 (PG)                                                    Page 8

time, "there is reason to be concerned about the plaintiff's allocation of resources." Id.  As such, "[p]ermitting repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or 'a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure.' " Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 185 (1952)).

   The First Circuit has determined that nonmutual claim preclusion may be invoked by defendants who were not parties to the original action, "if the new defendants have a close and significant relationship with the original defendants." Hermes Automation Technology, Inc. v. Hyundai Electronics Industries Co., Ltd., 915 F.2d 739, 751 (1st Cir. 1990)(citing San Juan Hotel Corp., 841 F.2d at 10) Id. at 10.  In San Juan Hotel Corp., the First Circuit concluded that nonmutual claim preclusion was applicable because the new defendant in that case "shared a significant relationship" with the original defendant, as the "co-perpetrator" of "allegedly joint harms." Id.  The fact "that both actions purported to address the various ways in which [the original defendant] or [the original and the new defendant] jointly, caused ... harm to the [plaintiff]" was "critical." Id.

   In the instant case, both of the new defendants, Ramirez-Rangel and Cruz in their personal capacities, would have necessarily been joint participants in the political discrimination harms plaintiff asserted or could have asserted in his original complaint.  The joint participant basis for liability is well established in the section 1983 case law. See e.g. Torres-Rivera v. O'Neill-Cancel, 406 F.3d 43, 52 (1st Cir. 2005)(citation omitted).  Parallel to San Juan Hotel Corp., both actions here address the various ways in which the original defendants or the original and the new defendants jointly caused harm to the plaintiff in

derogation of his 1st Amendment Rights. San Juan Hotel Corp., 841 F.2d at 10. Here as well, plaintiff could have easily amended his earlier complaint to include reinstatement relief, as well as the new defendants. Given that the same defendants jointly participated in the same alleged discrimination, the Court will not permit a second bite at the apple, and it therefore finds that all of the elements of res judicata are met, and that all of the defendants are entitled to summary judgment.

Although defendants have also raised the defense of collateral estoppel, and have further submitted that even if plaintiff's claims were not barred, PRIDCO guidelines preclude the reinstatement of plaintiff because he was not a career employee at PRIDCO, having concluded that plaintiff's action is barred by reason of res judicata, the Court expends no further resources on this matter.

### IV. CONCLUSION

Plaintiff cannot escape the consequences of the earlier lawsuit. Having determined that defendants are entitled to assert res judicata, and that all of the elements of the same are met, their motions for summary judgment (Docket Nos. 22 and 26) are hereby **GRANTED**. Judgment shall be entered dismissing plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 29, 2005.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE